The next case for argument is TZ Manor, LLC v. Estate of Richard et al. May it please the Court, I'm Samford Young, I'm the attorney for the Plaintiff Appellant. I'd like to make two or three points if I can. The defendants argue that they had discretion and the need for the safety of the adult homes, of the residents, to do what they did. It's a disingenuous argument because there was a specific regulation and a specific statute. Can I back you up first to what I understand to be part of the district court's problem with this, and that is that you essentially under . . . You're suing for a taking, right? Yes. Under Williamson, you haven't done or taken adequate steps within the state process available to your client to obtain that compensation. And therefore, at the time the case was before the district court, it was not ripe for analysis as a takings claim under the Fifth Amendment. Do I pretty much have that? That it was ripe. All right. Yes. Sorry? That it became ripe because of the steps that were taken. Well, I understand that adequate steps weren't taken. Were taken. I'm not sure if you're saying were or were not. We're saying that they were taken. They were? Yes. This case is ripe? I understood that you didn't get through the state process. Well, they attempted that. They brought an action in the state supreme court. Right. And the defendants argue that the state supreme court did not have jurisdiction, and the case was then transferred to the court of claims. Right. Were you lost on statute of limitations? Well, I'm going to get to that in a moment. There were two holdings. Just keep going on it, please. There were two holdings in the court of claims. One holding was that the statute of limitations had passed, and I have comments on that. And the second one was, again, the defendants argued there was no subject matter jurisdiction. That's what the court of claims held, and that's the predominant holding, I would argue. What do you mean the predominant holding? They held they didn't have subject matter jurisdiction, and that would be as important or more important than the decision that there was a lack of statute of limitations. For a court to say that it does not have subject matter jurisdiction, I believe, is the most significant decision that a court could make. And that's what the court of claims said. But regardless of that, the court said you were just too late coming here. So if they had subject matter jurisdiction, you were still out of court. Well, we argued in our brief, we pointed out as a matter of fact that the statute of limitations has not passed. Now, I will immediately concede that that argument was not made in the court below, and that apparently no one picked it up. I would suggest as a matter of law, though, that we should be able to argue that. And the point of why the statute of limitations did not run is because before the client was even given possession, so while the cause of action was still accruing, they brought the district court action, the first action. And 41 days after they brought that action, the defendants then gave them possession. So that lawsuit continued, and then there was an appeal. And while the appeal was pending, the client brought the action in the state supreme court. And under the CPLR, within, I believe, six months of an appeal, you have a relation back to bring the lawsuit. In this case, they actually started the lawsuit before the first appeal was taken. So they went to the supreme court. It was still timely. When the supreme court transferred to the court of claims, it was related back the time period again. So all along, all the steps, everything was timely because the client acted very quickly in bringing these various actions. Assume that we disagree with you that — well, assume that we deem that argument forfeited because it was not made. I'm sorry? Assume for a second that we deem the argument that you just made forfeited because it was not made to the district court. It was not made, right? It was what? It was not made. This argument that you're making was not made. So assume that we deem that argument forfeited so we don't consider it. Then what? How do you then prevail? Is the argument that the court of claims determination that the underlying claim was not timely, is that an exhaustion? How can you show that you exhausted? Because the court of claims nonetheless held it did not have jurisdiction. If the court of claims did not have jurisdiction and said so in its opinion, the fact of the matter is that the client did not have a recourse. It did not have an adequate state remedy. So then you're absolved of your duty to exhaust remedies. Well, that would have been futile. It's not absolved of it. It would have been futile. I mean, the words of Williamson is that there has to be a reasonable, certain, and adequate state remedy. Now, I would argue that Williamson has been transformed and gone so far that Judge Karas even cites an opinion which states that even if it's not possible to have a remedy, you can't bring such a suit. Now, I want to point out to the court, and this was one of the points I wanted to make, is that in 40 days from now, the U.S. Supreme Court is going to hear argument in Nick versus the Township of Scott, Pennsylvania, in which the certiorari was to determine specifically whether the doctrine in Williamson is still a good doctrine. The decision in that case could very well be determinative or influential on this case. Assuming that, then why is this a taking? Why? Why was this a taking? Forget the exhaustion issue. But what I'm asking the court to do, and I made a motion to hold this appeal in abeyance. It was denied. This was before we perfected the appeal, with leave to request of the bench. Now, I understand what you asked for. I'm getting to the ultimate question so that we can avoid this exhaustion issue that's pending before the Supreme Court. And I'm asking you, why is this a taking? Well, there's no question it was a taking. Judge Karras said it was a taking. But if you don't have a license, what's the taking? Until you have a license, what's the taking? Judge Karras specifically held that there was a taking. He said that in the simplest form, possession was taken. Now, the reason it was a taking is that when Long Hill's receivership ended, the State was mandated, and this is ignored by the State, they were mandated by regulation, and I will cite that, 18 NYCRR section 485.5N, that when Long Hill lost the right of possession, which they did when the court terminated it, it was the State was mandated to terminate their license. What happened with Long Hill is they lost site control, and the site control they lost was precisely the reason why they didn't give my client the certificate when the prior owner, who was foreclosed out of it, claimed that they had site control. Mr. Young, would you show me where Judge Karras specifically determined that there was a taking? On page — actually, I have the citation, 815, fed subsecond at 743. Remind us what he said. Where is the finding that that was a taking? He goes on, and this would be at A133 of the appendix. Despite the fact that plaintiffs have sufficiently pleaded a legally cognizable property interest, the court disagrees that they are entitled to recover rent from defendants for a certain time period. Well, he's not using the word taking. He's not using the word taking. I'll have one more, if I may. Look, in takings jurisprudence, you can have a property interest. The entire issue is whether it's been taken by the government. So where does he say the property interest was taken by the government in a way without compensation, where compensation was due? The judge specifically — Just point me to the language. I don't have the language where he says it was a taking. What he says is that there was a property interest. He dismisses the case without prejudice to determine the issue of ripeness. The issue of ripeness would have no bearing on the case. It would have no relevancy if there wasn't a finding of a taking. The taking — the ripeness issue goes to compensation. The problem is ripeness is in substance jurisdictional, because he's not even — we, the courts, don't even look at cases that aren't ripe. Well, we don't get to the ultimate issue. Not all the circuits agree with that. Well, okay. Now, you have gone two minutes over your time, but we are going to still give you the two minutes you've asked for in rebuttal. And thank you very much. And we're going to hear from the appellee. May it please the Court. Esther Marie Ducaiva for the defendants. The district court correctly dismissed the complaint because the plaintiffs failed to exhaust their State court remedies within the applicable statutes of obligation. And that's — that is precisely the question presented in Knight v. Scott. Is that right? Or Nick v. Scott. It is, Your Honor. But Williamson County is still binding law. And this Court, the Seventh Circuit and the Ninth Circuit, have all continued to apply the State court exhaustion requirement even after the Supreme Court grants the cert. And then decides that there is no exhaustion requirement anymore. We're back to square one. We're not, Your Honor, because this Court can affirm on numerous alternative grounds, including — Why don't you get to the alternatives? Sure. On the merits, this Court can affirm the district court's merits holding on three different grounds. The first is that DOH's actions just do not constitute a taking under these circumstances. DOH was faced with a very unique situation where there was a 100-bed adult home that everybody wanted to remain open. The plaintiffs wanted to operate this home. At the time these circumstances happened, there was only one licensed and qualified operator. What DOH did was allow that operator to keep operating the facility to avoid closing it down and having to move all of the residents while the plaintiffs applied for a license, while DOH reviewed that application when it granted it. When the first letter in this case was sent by DOH, that's on October 11, 2006, the plaintiffs had not even applied for a license at that point. The plaintiffs only applied for their license in November 2006. What DOH did here was act reasonably in order to keep the facility open, which is what everybody wanted to do. The second ground on which the Court may affirm is what the district court said, which is that the plaintiffs failed to establish an entitlement to rent from Long Hill, and certainly failed to establish a right to have DOH compel Long Hill to pay the plaintiffs' rent. All DOH did was authorize Long Hill to continue the operation. DOH did not preclude the plaintiffs from suing Long Hill for rent, from trying to negotiate a lease with Long Hill by which Long Hill would pay them rent, or from taking any legal action to eject Long Hill. The plaintiffs have cited no authority where an agency, a government inaction to interfere in a dispute between private parties constitutes a taking. And the third ground on which this Court may affirm on the merits is that the plaintiffs actually do not have a protected property right in the exclusive possession and occupancy of this property. I understand that the district court found such a right, but that holding was erroneous. Sotomayor, do you agree that it's a finding, or just an observation that that's the best case argument, which I suggest might be a way of reading Judge Karras' decision? I think either way, whether it is a finding of a cognizable property right or an observation that such a right could be inferred from the face of the complaint is immaterial to whether there has been a taking. The existence of a property right is a predicate to a takings claim, but it does not by itself satisfy all of the elements of a takings claim. So even if you assume that the district court found that there was a property right here, we would submit that that holding is incorrect. The property right that the district court found is an exclusive possession and occupancy, but this is a very regulated field. This is an adult home subject to DOH regulations. And as DOH repeatedly explained to the plaintiffs, a property owner does not have a legal right to participate in or direct the operation of an adult home or receive any revenue from the operation of an adult home without a license from DOH. It is undisputed that during this time period the plaintiffs did not have a license from DOH, and thus they could not have had a property right in any revenues derived from an operator who was occupying the facility. But the court does not need to reach that issue. You do not need to reverse a district court because there are numerous other grounds on which a district court can be affirmed on the merits. In addition, the district court did not reach our other alternative grounds, but the complaint fails to plead personal involvement for three of the four defendants. And even if the court were to find a constitutional violation, qualified immunity applies here because the plaintiffs have not cited a single case in which circumstances like this arose to a constitutional violation, which is what is required for qualified immunity to be surpassed. Unless this Court has further questions, we would rest on our papers. Thank you. Thank you. Mr. Young. The point I'm trying to make, Your Honor, and this is that there's a disingenuous argument being made. Under the regulation I cited, it was mandatory for them to terminate the license of Long Hill when they lost the right of possession. So what was going to happen to the people at that time? Well, no, no. Then what happens then is social services law, section 461-F4A. When the department revokes or temporarily suspends the operating certificate of such facility, and the commissioner determines the appointment of a receiver is necessary to protect the health, safety, and welfare of the residents of a facility, the commissioner may apply to the Supreme Court in the county where the facility is situated for an order directing the operators, owners, and prime lessors, if any, of the premises to show cause why the commissioner, or at the discretion of the commissioner, his designee should not be appointed receiver to take charge of the facility. What should have happened is they had to go back to court and request that a receiver be appointed. This is what should have happened. They took it upon themselves instead to install someone into the premises for two years without any judicial oversight and without any provision being made for compensation. In subsection B of that law — Throughout this time your client owned the property? I'm sorry? Throughout this time your client owned the property? Absolutely. All right. They owned the property. Somebody else is occupying the space. Yes. And we're not claiming what we had. We're not seeking the rents from the residents. We're seeking the rents that were under the existing lease of the prior owner. And under social services law, the same section, subsection B, it specifically says that the commissioner has to set a reasonable rent for the occupation of the commissioner or the designee, and if there is an existing lease, that that lease would then take hold. So what the commissioner had to do is — But did you assert any claims other than the constitutional ones? I'm sorry? Did you assert — what claims in addition to the taking did you assert? I believe in this complaint it was mostly — well, there may have been unjust enrichment and such. I didn't draft the complaint. I believe — and we're concentrating, obviously, on the takings claim. I think Judge Karras dismissed supplemental jurisdiction in the prior claim, and so I'm not claiming any state — The only challenge in front of us is the takings. Only the takings. And again, I want to stress that — So the supplemental state law claims that you've alleged have just gone by the bar? Yes. He dismissed them and you're not pursuing them? Yes, and those are the ones that were attempted to be brought in the Supreme Court and then in the court of claims. Okay. Thank you. Thank you. Thank you both. We'll reserve decision in this case.